616 So.2d 170 (1993)
Freddie NESMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01896.
District Court of Appeal of Florida, Second District.
March 31, 1993.
James Marion Moorman, Public Defender, and Kevin Briggs Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Tampa, for appellee.
*171 THREADGILL, Judge.
Freddie Nesmith pleaded nolo contendere to charges of possession of cocaine with intent to sell or deliver[1] and obstructing or opposing an officer with violence,[2] reserving his right to appeal the denial of his motion to suppress. On appeal, he argues that police officers did not have a founded suspicion of criminal activity upon which to detain him and that evidence obtained as a result of the illegal detention should have been suppressed. We agree and reverse the conviction for possession of cocaine. We affirm the conviction for obstructing an officer with violence.
Testimony presented at the suppression hearing revealed that four Tampa Police officers in an unmarked van observed Nesmith leaning into a parked car speaking to a female. The area was known for drug activity. Nesmith had an object in his hand, but the officers could not tell what the object was. The officers pulled up next to the car, identified themselves as police officers, and Nesmith ran.
The officers chased Nesmith and found him hiding under a house. One of the officers pointed his pistol at Nesmith and ordered him out. Nesmith began to crawl away but the officer crawled under the house and pulled him out. Nesmith struggled, was subdued, handcuffed, and placed under arrest for resisting arrest. The officers found a baggie containing cocaine partially buried in the sand under the house in close proximity to where Nesmith was hiding.
At the conclusion of the suppression hearing, the trial court denied the motion to suppress, finding that the cocaine had been abandoned and that the officers would inevitably have discovered the cocaine. Following his plea, Nesmith was adjudicated guilty of both charges and placed on community control for two years. He filed this timely appeal.
A police officer may temporarily detain a person under circumstances which reasonably indicate the person has committed, is committing, or is about to commit a crime. Section 901.151, Fla. Stat. (1989). To justify a temporary detention, an officer must have a founded suspicion of criminal activity; a mere or bare suspicion is not sufficient. King v. State, 521 So.2d 334 (Fla. 4th DCA 1988). A stop is not warranted based upon an officer's observation of a person in a high crime district, leaning into the window of a stopped car, who walks away upon seeing an officer approach. Shackelford v. State, 579 So.2d 306 (Fla. 2d DCA 1991); Dames v. State, 566 So.2d 51 (Fla. 1st DCA 1990).
The arresting officer in the instant case testified that he suspected Nesmith was dealing cocaine because "it's a known drug area, the way he was leaned into a parked car, and him taking flight when an officer arrived." In addition, the officer testified that he saw an object in Nesmith's hand, but he was unable to tell what the object was. These observations, without more, are not sufficient for a founded suspicion of criminal activity. Nesmith's detention and the subsequent seizure of the cocaine were therefore illegal.
"An abandonment which is the product of an illegal stop is involuntary, and the abandoned property must be suppressed." State v. Anderson, 591 So.2d 611 (Fla. 1992) (citing Stanley v. State, 327 So.2d 243 (Fla. 2d DCA 1976)). Similarly, in order to establish that contraband is admissible as inevitably discoverable, the state must demonstrate that the evidence would have been discovered in the course of a legitimate investigation. State v. Griffith, 500 So.2d 240 (Fla. 3d DCA 1986). Because Nesmith's detention was illegal and evidence seized as a result thereof should have been suppressed, we reverse the conviction for possession of cocaine and remand with instructions to discharge Nesmith for this offense.
We affirm Nesmith's conviction for obstructing or opposing an officer with violence. The use of force in resisting arrest by a person reasonably known to be a law *172 enforcement officer is unlawful notwithstanding the technical illegality of the arrest. Wallace v. State, 557 So.2d 212 (Fla. 2d DCA 1990); Morley v. State, 362 So.2d 1013 (Fla. 1st DCA 1978); § 776.051(1), Fla. Stat. (1989).
Affirmed in part; reversed in part and remanded.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] § 893.13(1)(a), Fla. Stat. (1989).
[2] § 843.01, Fla. Stat. (1989).