FARMER, Judge.
In Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984), the Court invalidated a warrantless arrest for a misdemeanor made by police who gained noncon-sensual access to defendant’s home. In explaining the Court said:
“Before agents of the government may invade the sanctity of the home, the burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries. Payton v. New York, [445 U.S. 573, 586, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980) ]. When the government’s interest is only to arrest for a minor offense, that presumption of unreasonableness is difficult to rebut, and the government usually should be allowed to make such arrests only with a warrant issued upon probable cause by a neutral and detached magistrate.”
466 U.S. at 750, 104 S.Ct. at 2098. The Court went on to hold that:
“although no exigency is created simply because there is probable cause to believe that a serious crime has been committed, * * * application of the exigent-circumstances exception in the context of a home entry should rarely be sanctioned when there is probable cause to believe that only a minor offense, such as the kind at issue *144 in this ease [drunken driving], has been committed.”
466 U.S. at 763, 104 S.Ct. at 2099.
In the present case, police responded to a “911 hang-up” call originating from defendant’s residence. The police spoke to defendant in the garage, while he was playing pool with a group of friends. In an effort to demonstrate that the last number he had called on his cordless telephone was not 911, defendant sought to hold the handset next to the ear of one of the officers. The officer misunderstood the gesture, thought he was being assaulted, and swung at defendant.
That led to a heated exchange between defendant and the officers, one of whom meanwhile also talked to defendant’s mother. Defendant attempted ultimately to close the garage door to end the conversation and told the officers to leave. While so doing, the police saw defendant push and slap his mother. He then ran into the house. The police ran after him, forced their way into the house and after an altercation therein arrested him. He was charged with misdemeanors of battery and resisting arrest without violence and two counts of felony battery on a law enforcement officer based on the altercation within his home. He was convicted of resisting arrest without violence and acquitted of all other charges.
Applying Welsh, we do not believe that the misdemeanor of resisting arrest without violence or even the “battery” on the mother constituted serious enough offenses to uphold the warrantless entry into defendant’s home for what were then two minor misdemeanors. There was no suggestion that defendant would not have been available later after the officers had presented their story to a neutral magistrate and obtained a warrant for his arrest. As the Court emphasized in Welsh, court approval of warrantless home entries for minor offenses should be rare. This- is simply not one of them.
REVERSED.
GLICKSTEIN, J., and BROWN, LUCY, Associate Judges concur.