PETERSON, Judge.
M.J.R., a child, appeals his conviction for resisting a law enforcement officer without violence. An Orange County deputy was dispatched to an apartment where M.J.R. resided to determine whether Tony Bristol was present. Bristol’s name and location had been given to the deputy on the mistaken belief that Bristol was a runaway juvenile. M.J.R. responded, to the deputy’s knock on the apartment door and also responded affirmatively when asked about Bristol’s presence. When M.J.R. advised the deputy that he would get Bristol, he attempted to close the door, but the deputy insisted that the door be left open and prevented its closing.
When the deputy persisted in having the door remain open, M.J.R. told him that a warrant was required and again attempted to shut the door. During this episode, the deputy called for a backup deputy and Bristol came to the doorway. When the backup deputy arrived, both deputies attempted to arrest M.J.R. for not “obeying [the] lawful command” to keep the door open and wrestled with him in the main entrance of M.J.R.’s apartment.
An essential element of the offense of resisting a law enforcement officer without violence is that the arrest must be legal. Norton v. State, 691 So.2d 616 (Fla. 5th DCA 1997); Benjamin v. State, 462 So.2d 110 (Fla; 5th DCA 1985). A warrantless non-emergency arrest of a suspect at his or her home is presumed illegal. See Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 *1104 (1984) (before agents of the government may invade the sanctity of the home, the burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries); Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) (police must have an arrest warrant to effect a non-emergency arrest of an individual in his or her home); Engle v. State, 391 So.2d 245 (Fla. 5th DCA 1980) (warrantless arrest in suspect’s home is an unreasonable seizure absent exigent circumstances). An important factor to be considered when determining whether any exigency exists for making a warrantless arrest is the gravity of the underlying offense for which the arrest is being made. Welsh at 753. The Welsh court further opined, “[A]l-though no exigency is created simply because there is probable cause to believe that a serious crime has been committed, ... application of the exigent-circumstances exception in the context of a home entry should rarely be sanctioned when there is probable cause to believe that only a minor offense ... has been committed.” Id. at 753.
The state asserts M.J.R.’s arrest was legal because he interfered with the deputy’s “lawful investigation.” However, neither M.J.R.’s arrest, nor the way in which the deputy conducted his investigation, was legal. The officer testified M.J.R. admitted to the presence of Tony Bristol in his home and told the deputy that he would get Tony. Notwithstanding, the deputy further testified that for tactical and safety purposes, he wanted appellant to keep the door open as he was concerned M.J.R. was stalling him so that Bristol could flee out the back door. The deputy believed that MJ.R.’s action of trying to close the apartment door was restricting and obstructing his investigation of the runaway. In a light most favorable to the trial court’s ruling, the deputy may have had probable cause to believe that M.J.R. was sheltering an unmarried minor runaway in violation of Florida Statutes. Thus, an exigent circumstance could have been present (i.e., to prevent the runaway from fleeing), which may have justified the deputy’s actions in preventing appellant from closing his door. See §§ 39.0195, 984.085, 985.2065, Fla. Stat. (1997).[1] However, a person who knowingly shelters or aids an unmarried minor without the consent of the minor’s parent or guardian can only be convicted of a misdemeanor of the first degree. Id. Similarly, a person who resists arrest without violence may also only be convicted of a misdemeanor of the first degree. § 843.02, Fla. Stat. (1997). The underlying offenses for which M.J.R. could have been, and was, arrested are only misdemeanors, and there is no authority given to a police officer to enter a suspect’s home to effect a warrantless arrest for a misdemean- or. See Johnson v. State, 395 So.2d 594 (Fla. 2d DCA 1981) (under state law, there is simply no authority given to a police officer to enter a building to effect a warrantless arrest for a misdemeanor, especially where the building to be entered is a person’s home). Stated differently, no exigent circumstance existed to justify the warrantless arrest of appellant in his home. See Welsh, at 750-53, 104 S.Ct. 2091; Conner v. State, 641 So.2d 143 (Fla. 4th DCA), rev. denied, 649 So.2d 234 (Fla.1994) (defendant’s misdemeanor of resisting arrest without violence or even “battery” on the mother did not constitute serious enough offenses to uphold the warrantless entry into defendant’s home for what were then two minor misdemeanors).
We vacate M.J.R.’s conviction and sentence because the deputy had no authority to demand that MJ.R. keep the door open to his residence or to demand entry into it unless the deputy had a warrant authorizing the entry or exigent circumstances existed to invade the sanctity of the home.
CONVICTION AND SENTENCE VACATED.
GOSHORN and HARRIS, JJ., concur.

. This exigent circumstance argument and the statutes concerning sheltering of unmarried minors is not an argument presented by the state.