740 So.2d 89 (1999)
Clauson Conway TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1243.
District Court of Appeal of Florida, First District.
July 19, 1999.
Rehearing Denied August 20, 1999.
Nancy A. Daniels, Public Defender and Jamie Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Trisha E. Meggs, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PADOVANO, J.
Clauson Conway Taylor, the defendant, appeals his convictions for battery on a law enforcement officer and resisting an officer with violence. Because the evidence presented at trial is not sufficient to support a finding that the officer was engaged in a lawful duty at the time of the alleged offenses, we reverse the convictions on both counts.
The incident giving rise to the charges in this case took place inside the defendant's home. Deputy John Gootee of the Columbia County Sheriff's Department went to the defendant's residence at 5:00 a.m., on the morning of May 10, 1997, in response to a noise complaint. It was the second of two such complaints the Sheriffs Department had investigated that night. Deputy Reuben Gardner had been to the defendant's home earlier and had asked him to turn down the volume on his stereo. The defendant complied with that request, and Gardner went back to the station.
When Deputy Gootee arrived at the defendant's home later that evening, he heard loud music coming from an open doorway. He walked up to the doorway and motioned for the defendant to turn the music down. The defendant responded by lowering the volume on his stereo. Deputy Gootee asked the defendant why he had not complied with Deputy Gardner's earlier request, and the defendant cursed at him and told him that he had. Deputy Gootee asked the defendant to give his name and to produce identification, but he *90 did not answer. Then Deputy Gootee asked the defendant to come outside so that he could talk to him. The defendant did not move toward the door or otherwise indicate that he was willing to go outside to talk to the officer.
At that point, Deputy Gootee went inside the residence and walked up to the defendant. He touched the defendant's arm to motion him to come outside but the defendant pulled away. Deputy Gootee attempted to take the defendant by the arm, but he stood up and pushed the deputy away. As the deputy was backing up, the defendant started towards him. The deputy then immobilized the defendant by spraying him with pepper spray. A brief struggle ensued. The deputy tried to handcuff the defendant but was unable to do so immediately because the defendant was rubbing his eyes with both hands. Then another officer arrived at the scene, and the defendant was taken into custody. Eventually, he was charged with the crimes of battery on a law enforcement officer and resisting an officer with violence.
At trial, Deputy Gootee conceded that he was not invited into the house and that he did not have probable cause to arrest the defendant for any crime before he entered the house. Based on this testimony, the defense moved for a judgment of acquittal on both charges. The argument in support of the motion was that the state failed to prove that Deputy Gootee was engaged in a lawful duty, an element of both of the charged offenses. In response, the state argued that the illegality of the entry to the defendant's home did not justify the defendant's use of force against Deputy Gootee. The state maintained that the defendant's act of shoving the deputy was a battery, and to the extent that it impaired the performance of the officer's duty that night, it also amounted to resisting an officer with violence.
The trial court denied the defendant's motion for judgment of acquittal, and the jury found him guilty as charged of battery on a law enforcement officer and resisting an officer with violence. Subsequently, the trial court adjudicated the defendant guilty of both counts and sentenced him to concurrent terms of five years probation. The defendant filed a timely notice of appeal.
Battery on a law enforcement officer and resisting an officer with violence are distinct offenses but they share some common elements of proof and are often committed in conjunction with one another. A conviction for either offense requires proof that the officer was engaged in the performance of a lawful duty. See State v. Henriquez, 485 So.2d 414 (Fla.1986). Section 843.01, Florida Statutes states in material part, that "[w]hoever knowingly and willfully resists, obstructs, or opposes any officer ... in the lawful execution of any legal duty, by offering or doing violence to the person of such officer ... is guilty of a felony in the third degree." (emphasis supplied). Likewise, section 784.07(2) reclassifies a simple battery to a felony in the third degree if the victim is a law enforcement officer "engaged in the lawful performance of his or her duties."
In the present case, the state failed to prove that Deputy Gootee was engaged in the performance of a legal duty at the time of the alleged offenses. He was acting within the scope of his duty by investigating the noise complaint, but that fact alone would not give him the right to enter the defendant's home. Deputy Gootee did not have permission to enter the defendant's home and he did not have probable cause to arrest the defendant for any offense before he entered the home. Moreover, there was no exigent circumstance that would justify a warrantless entry into the residence, even if probable cause had existed for an arrest. See Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The defendant was intoxicated and he was most certainly belligerent, but there was no indication that he was a danger to himself or others.
*91 The state argues that the illegality of the entry into the defendant's home does not justify the defendant's use of force against the deputy. In support of this argument, the state relies on section 776.051(1), Florida Statutes, which states that "[a] person is not justified in the use of force to resist an arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer." See Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978). This statute makes it unlawful to resist an arrest even if the arrest is illegal. See Nesmith v. State, 616 So.2d 170, 171-172 (Fla. 2d DCA 1993) (holding that the "use of force in resisting arrest by a person reasonably known to be a law enforcement officer is unlawful notwithstanding the technical illegality of the arrest"); Reed v. State, 606 So.2d 1246, 1247 (Fla. 5th DCA 1992) (stating that "a battery upon a law enforcement officer, even one attempting an invalid arrest, is illegal").
Section 776.051(1) does not apply in this case, however, because the statute is limited by its terms to a situation in which the defendant has used force to "resist an arrest." Here, the defendant was not charged with resisting arrest. The information merely alleged that he resisted, obstructed, or opposed the officer in the performance of a lawful duty. Deputy Gootee did not enter the defendant's home to arrest him. Cf. State v. Barnard, 405 So.2d 210 (Fla. 5th DCA 1981). To the contrary, he was merely trying to coax the defendant outside so that he could speak with him. The alleged resistance or opposition to Deputy Gootee was based on the fact that the defendant shoved the officer to prevent him from escorting the defendant outside.
The effect of section 776.051(1) in a resisting arrest case is to eliminate the need for proof that the officer was engaged in the performance of a lawful duty in making the arrest. See Lowery; Manuel v. State, 526 So.2d 82 (Fla. 4th DCA 1987). Likewise, the state is not required to prove that the officer was engaged in a lawful duty if the defendant has committed a battery on the officer in the course of resisting an arrest. See Meeks v. State, 369 So.2d 109 (Fla. 1st DCA 1979); State v. Johnson, 382 So.2d 866 (Fla. 2d DCA 1980). In either case, if the officer reasonably believed that the arrest was lawful, the defendant is not justified in using force. As previously explained, however, this principle applies only if the defendant is charged with resisting arrest. If the defendant is charged under section 843.01 with the crime of resisting or opposing an officer in the performance of some other duty, the state must prove that the duty was lawful. Because the defendant in this case was not accused of resisting arrest, the limitation in section 776.051(1) on the right to use force against an officer is inapplicable.
We recognize that some courts have extended the application of section 776.051(1) to unlawful detentions, even though it refers to arrests. See Dominique v. State, 590 So.2d 1059 (Fla. 4th DCA 1991) (holding that an illegal investigative stop did not justify the commission of a battery on the officer); Jones v. State, 570 So.2d 433 (Fla. 5th DCA 1990) (holding that an unlawful detention does not justify a battery on the officer). The comparison between a detention and an arrest may be similar enough in this context, but we do not think that section 776.051(1) can be extended to a situation in which an officer has entered someone's house without any arguable legal justification. An unlawful entry to a person's home is a far greater invasion of privacy than an unlawful arrest or detention on the street.
For these reasons, we must reverse the defendant's convictions for battery on a law enforcement officer and resisting an officer with violence. Both offenses require evidence that the officer was engaged *92 in a lawful duty, an element not established here. We do not suggest that it was appropriate for the defendant to shove the deputy in this case or that it would ever be appropriate for a suspect to use force against an officer. Rather, we hold that this conduct is not sufficient to support the criminal convictions in this case.
Reversed.
DAVIS and BENTON, JJ., CONCUR.