790 So.2d 1140 (2001)
V.L., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-706.
District Court of Appeal of Florida, Fifth District.
July 6, 2001.
Rehearing Denied August 7, 2001.
*1141 James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R.B., J.
V.L., a child, appeals the trial court's order adjudicating him delinquent after having been found guilty of resisting, obstructing or opposing an officer without violence in violation of section 843.02, Florida Statutes (1999). We reverse the adjudication of delinquency.
Chris Rapp, an officer with the Oakland, Florida Police Department and the State's only witness, went to V.L.'s home with the intention of arresting V.L. for a burglary that had occurred earlier that day. Officer Rapp did not have a warrant to arrest V.L. although he believed that he had probable cause to do so.[1]
Officer Rapp knocked on the front door of V.L.'s home and V.L.'s mother answered. V.L. was standing behind his mother in the doorway. Officer Rapp indicated that he wished to speak to V.L. as V.L. was a suspect in a burglary. V.L. tried to close the door and then ran out a back door into a field behind the house. Officer Rapp gave chase but was unable to apprehend V.L. until several hours later when V.L. was arrested and charged with resisting or obstructing Officer Rapp without violence.
*1142 At trial, V.L. properly challenged the sufficiency of the evidence by timely moving for a judgment of acquittal. In finding V.L. guilty, the trial judge stated:
The mother here may have a great civil case against the police department there for coming into her home on a warrantless basis like they did. Okay. But here's the way I analyze this based on the evidence that came in.
The police came to the front door and knocked. Regardless if there's the porch outsideand the mother opened the door voluntarily; the door wasn't kicked in. All right. This young man is on community control (juvenile probation). While on community control, he has the obligation to cooperate with the police and the police officers; that's a requirement. Okay. Had he stayed in the home, you know, that would have been one thing. But he saw the police officer. And by the mother's own testimony, the child did not come to the front door to find out what it was all about. He just saw the police officer and then went out the back of the home. Okay.
The charge is that he obstructed or opposed the police officer, and I believe that he is guilty of that. He is guilty of that. He is on community control, and that's what makes this case different. He's on community control; probation. You cooperate with police officers when you're on probation. That's what probation means. It means you have given up some of your civil rights because you're on probation. So we're connecting here. He's guilty.
A motion for judgment of acquittal is designed to challenge the legal sufficiency of the evidence. If the State presents competent evidence to establish each element of the crime, a motion for judgment of acquittal should be denied. State v. Williams, 742 So.2d 509, 510 (Fla. 1st DCA 1999). The court should not grant a motion for judgment of acquittal unless the evidence, when viewed in light most favorable to the State, fails to establish a prima facie case of guilt. Dupree v. State, 705 So.2d 90, 93 (Fla. 4th DCA 1998). In moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the State that the factfinder might fairly infer from the evidence. Lynch v. State, 293 So.2d 44, 45 (Fla.1974). It is the trial judge's task to review the evidence to determine the presence or absence of competent evidence from which a jury could infer guilt to the exclusion of all other inferences. State v. Law, 559 So.2d 187, 189 (Fla.1989). We review the record de novo to determine whether sufficient evidence supports the verdict. Williams, 742 So.2d at 511.
To convict of resisting or obstructing an officer without violence, the State is required to prove that (1) the officer was engaged in the lawful execution of a legal duty; and, (2) the actions of the defendant obstructed, resisted or opposed the officer in the performance of that legal duty. Jay v. State, 731 So.2d 774, 774-75 (Fla. 4th DCA 1999) (quoting S.G.K. v. State, 657 So.2d 1246, 1247 (Fla. 1st DCA 1995)).
The investigation of a crime by a police officer is an execution of a lawful duty. See Francis v. State, 736 So.2d 97, 99 n. 1 (Fla. 4th DCA 1999). But while Officer Rapp had the legal authority to investigate the burglary, V.L. was under no legal obligation to speak to him.[2] Instead, V.L. ran from Officer Rapp. Flight can support a resisting charge if the state proves that (1) the officer had an articulable well-founded suspicion of criminal activity that justifies the officer's detention *1143 of the defendant, and (2) the defendant fled with knowledge that the officer intended to detain him or her. See Robinson v. State, 667 So.2d 384, 386 (Fla. 1st DCA 1995); Harris v. State, 647 So.2d 206, 208 (Fla. 1st DCA 1994). Here, the evidence failed to show that Officer Rapp had an articulable reasonable suspicion to detain V.L. nor did the evidence show that Officer Rapp had probable cause to arrest V.L. for burglary. Officer Rapp testified that V.L. was seen at the location of the burglary along with a number of other people. The State offered no other evidence to support Officer Rapp's conclusion that he had probable cause to effectuate a warrantless arrest of V.L. in his own home.
An essential element of the offense of resisting a law enforcement officer without violence is that the arrest must be lawful. M.J.R. v. State, 715 So.2d 1103, 1103 (Fla. 5th DCA 1998). A warrantless non-emergency arrest of a suspect in his or her own home is presumptively unlawful. Id. The burden is on the State to demonstrate that there were exigent circumstances to overcome the presumption of unreasonableness that attaches to warrantless arrests of suspects in their own home. Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984); Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); Saavedra v. State, 622 So.2d 952, 956 (Fla.1993). No evidence was presented to show that Officer Rapp had any reasonable basis to detain V.L. Further, no exigent circumstances existed to effectuate a warrantless arrest of V.L. in his home or at the least, no such exigent circumstances were demonstrated by the record. Officer Rapp knew where V.L. lived and had ample opportunity to secure an arrest warrant, but failed to do so. As a result, we conclude that the State failed to establish that V.L. obstructed, resisted or opposed Officer Rapp in the lawful execution of any legal duty.
REVERSED AND REMANDED.
THOMPSON, C.J., and PLEUS, J., concur.
NOTES
[1] Although Officer Rapp testified that he believed that he had probable cause to arrest V.L. for burglary, the record before this court fails to demonstrate whether that belief was justified. The record further fails to indicate whether V.L. was ever charged with burglary.
[2] The trial court apparently concluded that because V.L. was on juvenile probation for an unrelated offense, he had some legal obligation to talk to Officer Rapp about this burglary. V.L.'s probation order is not contained in the record before this court. We are, however, unaware of any standard condition of probation or other legal authority that would require V.L. to speak to a police officer, other than as required by his probation order.