913 So.2d 1254 (2005)
Mark KAIGLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5520.
District Court of Appeal of Florida, Second District.
November 16, 2005.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
Mark Kaigler challenges his convictions for one count each of resisting an officer without violence and battery of a law enforcement officer. Kaigler entered a no contest plea, reserving his right to appeal the denial of his motion to dismiss the two counts, the first of which was originally charged as resisting an officer with violence. Kaigler contends that the trial court erred in denying his motion to dismiss on the ground that the officer was not engaged in the lawful performance of his duties at the time of the offense. We affirm because we conclude that the convictions were proper notwithstanding any illegality in the officer's actions.
The arresting officer testified at a suppression hearing that while on patrol he came upon Kaigler, who was sitting in a car in a parking lot in a known drug area. When the officer shined his flashlight into the car, Kaigler picked up a clear plastic sandwich bag and placed it in a cup on the console. Becoming suspicious, the officer asked Kaigler to exit the vehicle. Kaigler complied, but then threw the cup over the officer's head, pushed the officer on the chest, and attempted to flee. The officer wrestled Kaigler to the ground with the assistance of a backup officer. The officer retrieved the cup and found several crack cocaine rocks in it.
The State charged Kaigler with cocaine possession, resisting with violence in violation of section 843.01, Florida Statutes (2003), and battery of a law enforcement officer in violation of section 784.07, Florida *1255 Statutes (2003). Kaigler moved to suppress the cocaine. The trial court granted the motion on the ground that the officer's observation of Kaigler sitting in his car was an insufficient basis for establishing a well-founded suspicion of criminal activityin other words, that the stop was illegal. After the trial court ordered the cocaine suppressed, defense counsel argued that the other two counts should be dismissed because the State could no longer prove a statutory element of each of these charges: that the officer was "in the lawful execution of any legal duty," § 843.01 (resisting with violence), or "engaged in the lawful performance of his or her duties," § 784.07(2) (battery of a law enforcement officer). The court's denial of the motion to dismiss these remaining counts forms the basis of this appeal.
Narrowly stated, the question presented by Kaigler is whether the illegality of a stop during which a suspect allegedly commits resisting with violence and battery of a law enforcement officer causes a failure of the statutory elements just noted. Our own precedent answers the question in the negative and requires us to affirm Kaigler's convictions. See Nesmith v. State, 616 So.2d 170, 171-72 (Fla. 2d DCA 1993) ("The use of force in resisting arrest by a person reasonably known to be a law enforcement officer is unlawful notwithstanding the technical illegality of the arrest."); see also Lang v. State, 826 So.2d 433, 435 (Fla. 2d DCA 2002) (in dicta, extending the Nesmith principle to illegal stops). Other district courts of appeal have ruled similarly. See, e.g., Perry v. State, 846 So.2d 584, 589 (Fla. 4th DCA 2003) (holding that an officer's noncompliance with the strip search statute was not a defense to resisting an officer with violence), review granted, 894 So.2d 971 (Fla.2005); Tillman v. State, 807 So.2d 106, 110 (Fla. 5th DCA) (holding that "while the state must prove that the alleged victim was a law enforcement officer who was engaged in the lawful execution or performance of a legal duty, the technical illegality of that action does not justify resisting with violence or battering the officer"), review granted, 835 So.2d 271 (Fla.2002). But see Taylor v. State, 740 So.2d 89, 91-92 (Fla. 1st DCA 1999) (reversing convictions for resisting with violence and battery of a law enforcement officer because the evidence was insufficient to support a finding that the officer was engaged in a lawful duty at the time of the alleged offenses).
To the extent that this opinion conflicts with Taylor, we certify conflict.
Affirmed.
WHATLEY and CANADY, JJ., Concur.