FULMER, Chief Judge.
Michael Victor Deltoro challenges the sufficiency of the evidence for his convictions for battery on a law enforcement officer and obstructing or opposing an officer with violence. We affirm because we conclude that the evidence was sufficient notwithstanding any technical illegality in the officer’s actions.
Evidence at trial showed that Deltoro was involved in a bicycle accident. Pedestrians who witnessed the accident flagged down an officer. Deltoro, however, refused to cooperate with the officer and tried to walk away from the scene. The officer called for EMS to respond to the scene. When the officer forcibly attempted to detain Deltoro against his will until the EMS- personnel arrived, Deltoro reacted violently toward the officer.
Deltoro argues that the trial court erred in denying his motion for judgment of acquittal on both charges because the State failed to prove that the officer was acting in the lawful execution of a legal duty. Deltoro asserts that the officer acted as a mere citizen. The State responds that the motion was correctly denied because the officer was performing a legal duty.
We conclude that based on our opinion in Lang v. State, 826 So.2d 433 (Fla. 2d DCA 2002), our result would be the same whether the officer acted lawfully in de- *1253 taming Deltoro against his will or whether, technically, the officer acted unlawfully. In Lang, we stated:
Even assuming the officers in this case did not have reasonable suspicion to detain Mr. Lang for auto theft, Mr. Lang resisted the officer’s stop with violence and committed a battery on a police officer. This act against the officer was unlawful regardless of any potential technical illegality in the officer’s initial stop. See, e.g., Nesmith v. State, 616 So.2d 170, 171 (Fla. 2d DCA 1993).
Id. at 435; see also Perry v. State, 846 So.2d 584 (Fla. 4th DCA 2003) (holding that officers’ noncompliance with strip search statute was not a defense to resisting an officer with violence), review granted, 894 So.2d 971 (Fla.2005); Tillman v. State, 807 So.2d 106, 110 (Fla. 5th DCA) (“[W]hile the state must prove that the alleged victim was a law enforcement officer who was engaged in the lawful execution or performance of a legal duty, the technical illegality of that action does not justify resisting with violence or battering the officer.”), review granted, 835 So.2d 271 (Fla.2002). But see Taylor v. State, 740 So.2d 89 (Fla. 1st DCA 1999) (reversing convictions for battery on a law enforcement officer and resisting an officer with violence because the evidence was insufficient to support a finding that the officer was engaged in a lawful duty).
Affirmed.
SALCINES and SILBERMAN, JJ., Concur.