HAZOURI, J.,
dissenting.
I respectfully dissent. Keith Bassett was charged by information with resisting an officer with violence pursuant to section 843.01, Florida Statutes (2004), but was convicted of the lesser included offense of resisting an officer without violence pursuant to section 843.02, Florida Statutes (2004). Bassett appeals his conviction asserting that his motion for judgment of acquittal should have been granted because the evidence presented at trial was not sufficient to support a finding that the officer was engaged in a lawful duty at the time of the alleged offense. I agree and would reverse the conviction.
The testimony at trial showed that at approximately 11:50 p.m. on November 21, 2004, Officer William Vanderslik, who was on routine road patrol, responded to the residence of Mr. Bassett in response to a call for service. The trial transcript is silent as to what constitutes a call for service and there is no testimony as to who placed the call. Vanderslik had called for back-up and arrived at the residence prior to the arrival of Officer Janet Martin. When Vanderslik arrived at the Bassett residence, he met Mrs, Connie Bassett, Keith Bassett’s estranged wife, at the front door. Mrs. Bassett stepped outside the front door of the residence to speak with Vanderslik. Vanderslik testified that he interviewed Mrs. Bassett on the front porch for approximately fifteen to twenty minutes. During the interview Vanderslik learned that there had been no violence that night and that Mr. Bassett had only screamed and yelled at Mrs. Bassett. Mr. Bassett had since calmed down. Mrs. Bassett then attempted to reenter the home but the door was locked. Mr. Bas-sett protested Mrs. Bassett’s reentry by yelling that she “wasn’t supposed to be here.”[1] Vanderslik and Officer Janet Martin, who had arrived as back-up, approached the door and Martin ordered Mr. Bassett to open the door to allow Mrs. Bassett to enter. Mr. Bassett complied. When Mrs. Bassett walked inside, Van-derslik immediately followed Mrs. Bassett into the house. Vanderslik did not have a warrant at the time he entered the house nor is there any testimony indicating that either Mrs. Bassett or Mr. Bassett invited or consented to his entry into the house.
As Vanderslik entered the house, Mr. Bassett slammed the door to prevent Van-derslik from further entry into the house. Vanderslik then grabbed the door handle to force it down so the door could not be locked and subsequently entered the home. Mr. Bassett, in an attempt to impede Van-derslik who was now in his home, came toward the officer and told him not to enter his home. Vanderslik did not comply with Mr. Bassett’s request that he leave the home. Thereafter, Bassett shoved Vanderslik approximately six times at which time he was placed under arrest and charged with resisting an officer with violence.
Vanderslik testified that at the time he entered into the home, he had not yet concluded his investigation. Although Mrs. Bassett indicated the disturbance at the home had simply been verbal and she had no signs of injury, Vanderslik still had concerns for Mrs. Bassett’s safety. Neither Vanderslik nor Martin articulated what those safety concerns were. Both Vanderslik and Martin noted a strong aroma of alcohol emanating from Mr. Bassett and felt he was intoxicated. Although there was no evidence that Vanderslik was responding to a call of domestic violence, he testified that during his interview with *443 Mrs. Bassett she stated that Mr. Bassett made some threats toward her. Vanders-lik was not able to recall what those threats were and simply indicated they were “vague and general.”
In its review of a denial of a motion for judgment of acquittal for resisting an officer, the Fifth District held:
A motion for judgment of acquittal is designed to challenge the legal sufficiency of the evidence. If the State presents competent evidence to establish each element of the crime, a motion for judgment of acquittal should be denied. State v. Williams, 742 So.2d 509, 510 (Fla. 1st DCA 1999). The court should not grant a motion for judgment of acquittal unless the evidence, when viewed in light most favorable to the State, fails to establish a prima facie case of guilt. Dupree v. State, 705 So.2d 90, 93 (Fla. 4th DCA 1998). In moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the State that the factfinder might fairly infer from the evidence. Lynch v. State, 293 So.2d 44, 45 (Fla. 1974). It is the trial judge’s task to review the evidence to determine the presence or absence of competent evidence from which a jury could infer guilt to the exclusion of all other inferences. State v. Law, 559 So.2d 187, 189 (Fla.1989). We review the record de novo to determine whether sufficient evidence supports the verdict. Williams, 742 So.2d at 511.
To convict of resisting or obstructing an officer without violence, the State is required to prove that (1) the officer was engaged in the lawful execution of a legal duty; and, (2) the actions of the defendant obstructed, resisted or opposed the officer in the performance of that legal duty. Jay v. State, 731 So.2d 774, 774-75 (Fla. 4th DCA 1999) (quoting S.G.K. v. State, 657 So.2d 1246, 1247 (Fla. 1st DCA 1995)).
V.L. v. State, 790 So.2d 1140, 1142 (Fla. 5th DCA 2001).
Bassett argues that the trial court erred in failing to grant his motion for judgment of acquittal because Vanderslik was not lawfully executing a legal duty when he entered Bassett’s home. Bassett claims the officer did not have permission to enter the home, did not have a warrant, and there were no exigent circumstances that existed which would have permitted Van-derslik to enter without a warrant. For this proposition Bassett relies upon the Florida Supreme Court’s recent decision in Tillman v. State, 934 So.2d 1263 (Fla.2006).
In Tillman, the supreme court reaffirms the zone of protection for an individual’s home under the Fourth Amendment. The defendant in Tillman asserted that the officer was not lawfully executing a legal duty when he entered a pool enclosure, frisked defendant for weapons, and prevented defendant from leaving. In illuminating the legal standards applicable to the element of lawful execution, the supreme court stated:
Absent consent, a search warrant, or an arrest warrant, a police officer may enter a private home only when there are exigent circumstances for the entry. Taylor, 740 So.2d at 90 (citing Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)).[6] See also Brigham City v. Stuart, — U.S. -, 126 S.Ct. 1943, 1947, 164 L.Ed.2d 650 (2006) (discussing exigency exception). The zone of protection under the Fourth Amendment extends to the curtilage of a home, which includes a fenced or enclosed area encompassing the dwelling. See State v. Rickard, 420 So.2d 303, 306 (Fla.1982) (noting that courts will not *444 allow a warrantless search or seizure in a constitutionally protected area such as one’s back yard).
In Payton, the United States Supreme Court stated that “the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant.” 445 U.S. at 590, 100 S.Ct. 1371. This Court recently noted:
The circumstances in which the Supreme Court has applied the exigent circumstances exception are “few in number and carefully delineated.” They include pursuing a fleeing felon, preventing the destruction of evidence, searching incident to a lawful arrest, and fighting fires. Outside of those established categories, the Supreme Court “has often heard, and steadfastly rejected, the invitation to carve out further exceptions to the warrant requirement for searches of the home.”
Riggs v. State, 918 So.2d 274, 279 (Fla.2005) (citations omitted) (quoting United States v. U.S. Dist. Court, 407 U.S. 297, 318, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972), and Illinois v. Rodriguez, 497 U.S. 177, 192, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990)).
Tillman at 1272.
The majority’s opinion is in direct conflict with the First District’s opinion in Taylor v. State, 740 So.2d 89 (Fla. 1st DCA 1999), which was approved by the supreme court in Tillman. In Taylor, Mr. Taylor was convicted of resisting an officer with violence and battery on a law enforcement officer. His convictions were overturned because the evidence did not support a finding that the officer was engaged in a lawful duty at the time of the alleged offense. Like Mr. Bassett, the incident that gave rise to Mr. Taylor’s charge took place inside his home, where an officer entered without permission, without a warrant, and in the absence of an excepted exigency. 740 So.2d at 90.
In Taylor, a deputy responded to a noise complaint, the second in the same night, at Mr. Taylor’s residence and asked him to turn down his stereo. When the deputy asked why Mr. Taylor had not complied with a different deputy’s earlier request, Mr. Taylor cursed at him. The deputy asked Mr. Taylor to produce identification and to come outside. Mr. Taylor did neither and did not indicate he wanted to speak to the officer. The deputy then went inside the residence, touched Mr. Taylor and Mr. Taylor went toward him. A struggle ensued and Mr. Taylor was charged with resisting an officer with violence and with battery on a law enforcement officer.
The court held that the deputy was acting within the scope of his legal duty only by investigating the noise complaint, and that did not give the deputy the right to enter the defendant’s home. In its analysis, the court considered that the deputy did not have permission to enter the defendant’s home; he did not have probable cause to arrest the defendant for any offense before he entered the home; and there was no exigent circumstance that would justify a warrantless entry into the residence, even if probable cause had existed for an arrest. Id. at 90. The circumstances in Mr. Bassett’s case are factually similar to Mr. Taylor’s. Vanderslik did not have permission to enter Mr. Bassett’s home. Mr. Bassett locked the door earlier and emphatically communicated to Vanderslik that he did not have permission to enter. See also Espiet v. State, 797 *445 So.2d 598 (Fla. 5th DCA .2001) (finding that an officer was not engaged in the lawful performance of his duties when he made warrantless entry into the defendant’s house by lunging through a screened window in an attempt to grab the defendant and pull him out in order to arrest him on the charge of misdemeanor domestic violence, and thus, - the state failed to make a prima facie case of resisting a law enforcement officer without violence); M.J.R. v. State, 715 So.2d 1103 (Fla. 5th DCA 1998) (holding that absent warrant or exigent circumstances, an officer had no authority to demand that the juvenile keep the door open to his residence or demand entry into it, and thus the juvenile could not be convicted of resisting a law enforcement officer for trying to close door, even if the officer had probable cause to believe that the juvenile was sheltering a runaway).
The evidence presented by the state does not support any claim of exigent circumstances. From the time that Vanders-lik arrived at the home it was clear that Mrs. Bassett was not in any danger, had not been assaulted or subjected to any form of domestic violence, and Mr. Bassett had calmed down. Vanderslik’s somewhat vague expression of concern for Mrs. Bas-sett’s safety was belied by the fact that he directed Mr. Bassett to permit Mrs. Bas-sett to reenter the home. Therefore, because (1) there were no exigent circumstances, (2) there was no warrant for entry into the home or for an arrest, and (3) there was no evidence that either Mr. Bas-sett or Mrs. Bassett invited or consented to Vanderslik’s entry into the home, Van-derslik was not in the process of executing a legal duty. Thus, the trial court was required to grant Bassett’s motion for judgment of acquittal.

. Prior to this incident, an order had been obtained through the Department of Children and Families prohibiting Mrs. Bassett from being at the family home.

 Although not presented as an issue for our review, the trial court denied a defense request for a jury instruction based on Payton on the element of lawful execution of a legal duty.