FULMER, Judge.
William Junior Smith challenges his convictions for battery on a law enforcement officer and obstructing or opposing an officer with violence. We reverse the convictions because the State failed to show that the officers were engaged in the lawful execution of a legal duty when they attempted to detain Smith.
Smith argues that the trial court erred when it denied his motion for judgment of acquittal. We review the denial of a motion for judgment of acquittal de novo. Lester v. State, 891 So.2d 1219, 1220 (Fla. 2d DCA 2005).
*982 During the argument on the motion for judgment of acquittal, the defense argued that the State had not proved that the officers were acting in the lawful execution of a legal duty. The trial court interjected: “Let me stop you. You can never resist anything with violence.” At the time the trial court made this statement, it was consistent with the case law of this district. See Rodriquez v. State, No. 2D05-1929, 2D05-3481, 32 Fla L. Weekly D1615 (Fla. 2d DCA June 29, 2007) (citing Lang v. State, 826 So.2d 433, 435 (Fla. 2d DCA 2002); Nesmith v. State, 616 So.2d 170, 171-72 (Fla. 2d DCA 1993); Kaigler v. State, 913 So.2d 1254, 1255 (Fla. 2d DCA 2005), quashed, 944 So.2d 340 (Fla.2006), opinion on remand, 947 So.2d 671 (Fla. 2d DCA 2007)). However, while this case was pending on appeal, the Florida Supreme Court decided Tillman v. State, 934 So.2d 1263 (Fla.2006), which clarifies the law applicable to this case.
Under Tillman, if an officer is not engaged in the lawful performance of a legal duty when the defendant’s use of force occurs, the proper analysis of the judgment of acquittal motion depends upon whether the use of force occurred either (a) before the defendant was placed under arrest (a “non-arrest case”) or (b) during or after an actual arrest (an “arrest case”). See Tillman, 934 So.2d at 1269-71; J.H.M. v. State, 945 So.2d 642, 644-46 (Fla. 2d DCA 2006); State v. Roy, 944 So.2d 403, 405-06 (Fla. 3d DCA 2006).
In this court stated that “it is unlikely that J.H.M.’s case ever became an ‘arrest case’ because there is no evidence in the current record that any officer ever communicated ‘an intention or purpose then and there to effect an arrest.’ ” 945 So.2d at 646 (quoting Bulgin v. State, 912 So.2d 307, 313-14 (Fla.2005) (Bell, J., concurring)). In the instant case, there was conflicting evidence as to whether the officers involved intended to arrest Smith when they attempted to detain him. There was no evidence that an intent to arrest was communicated to Smith by the officers. Thus, we conclude that this case involved a non-arrest scenario when the battery was committed. Further, we agree with Smith that the State did not show that the officers who chased Smith and ordered him to stop had a reasonable suspicion that a crime was being committed.
Because the State’s proof did not establish the crimes for which Smith was convicted, we reverse the convictions. On remand, the trial court should adjudicate Smith guilty of simple battery as a lesser-included offense of battery on a law enforcement officer and sentence him for the first-degree misdemeanor. See Rodriguez, 32 Fla. L. Weekly at D1617. The trial court should enter a judgment of acquittal to the charge of obstructing or opposing an officer with violence. See id.
Reversed and remanded with directions.
WHATLEY and CASANUEVA, JJ„ Concur.