THOMAS, J,
dissenting.
I respectfully dissent for two reasons. First, adherence to the proper standard of review does not permit reversing the trial court’s decision. Second, the evidence admitted was inextricably intertwined with the charged offenses.
The standard controlling our decision is whether the trial court abused its discretion in admitting the evidence. Conde, 860 So.2d at 945 (holding the trial court did not abuse its discretion in admitting evidence of other murders as similar-fact evidence); Dennis v. State, 817 So.2d 741 (Fla.2002) (holding the trial court has “broad discretion” in determining the relevance of evidence, including evidence of bad acts or crimes which may not be similar to charged offense but are relevant “to estab *1047 lish a material issue.”)- The trial court’s decision was not an abuse of discretion, because the decision was not arbitrary, fanciful, or unreasonable. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980).
The majority agrees that the State was permitted to inform the jury that the officers were in the area conducting a criminal investigation, and that the State could have given a complete account of the encounter without “delving into the details.” Thus, it seems the majority agrees the evidence was admissible, but differs as to the degree to which the State should be allowed to explain why Appellant was detained. Where reasonable people can differ as to the propriety of the trial court’s action, it cannot be said that the court abused its discretion. Id. Regardless, the trial court correctly admitted the evidence at issue because it was inextricably intertwined with the charged crimes.
The evidence was inextricably intertwined with the charged offense, because it explained why law enforcement had reasonable suspicion or probable cause to stop Appellant, and it provided a motive for Appellant to flee, elude and resist law enforcement, and discard a bag of cannabis. The State was entitled, and required by statute, to prove that law enforcement was engaged in its lawful duty when Appellant fled and eluded police. See § 843.02, Fla. Stat.
As this court stated in Taylor v. State, 740 So.2d 89 (Fla. 1st DCA 1999), to prove the crime of resisting an officer with violence, the State must prove that the officer was engaged in the lawful execution of a legal duty under section 843.01, Florida Statutes. This same requirement applies to the crime of resisting arrest without violence under section 843.02, Florida Statutes: “Whoever shall resist ... any officer ... in the lawful execution of a legal duty, without ... doing violence to the person of the officer, shall be guilty....” Thus, the State was required to prove that the officers acted lawfully by having probable cause to detain Appellant.
The only way to prove the existence of probable cause was to present evidence that Appellant was observed in engaging in illegal drug transactions, which led to the officers’ attempt to detain Appellant. The entire criminal episode occurred rapidly, and the evidence explained why the officers had the authority to stop Appellant and also Appellant’s motive to flee. It would be unreasonable to expect the jury to simply accept a witness’s unexplained statement that the police were engaged in a “criminal investigation.”
The decision in Burgos is distinguishable and does not support the majority’s conclusion. Unlike Burgos, here, there were no “[gjraphic descriptions” of uncharged violence “hammered home by photographic evidence,” and other uncharged evidence of threats. 865 So.2d at 624. Scarboro is also distinguishable; there, the uncharged conduct was separated by time from the charged offense. 832 So.2d at 931. Here, the officer’s observations of Appellant’s hand-to-hand transactions initiated the officers’ immediate contact.
Furthermore, the remedy offered by the majority could have been reached had Appellant’s attorney stipulated that the stop was lawful, as the prosecutor requested. Of course, it is axiomatic that one party does not define what is sufficient evidence for the opposing party to present, especially where the opposing party has the burden to prove its case to the highest standard in law. Neither is it the province of an appellate court to state whether relevant evidence is “necessary.” See, e.g., Pope v. State, 679 So.2d 710, 713 (Fla.1996) (“The test for admissibility of photographic *1048 evidence is relevancy rather than necessity”).
Finally, I note that the trial court stated it would not allow the inextricably intertwined evidence to become a feature of the trial, and Appellant never objected further to indicate any dissatisfaction with the amount of intertwined evidence admitted.
Thus, I would affirm the trial court’s ruling admitting the inextricably intertwined evidence of uncharged conduct.