DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PATRICK JACKSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-972

[May 11, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. 12-5789 CF10A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

The issue presented is whether appellant can be convicted of resisting arrest without violence when he refused to leave his home after the police, without a warrant or exigent circumstances, ordered him to come outside and submit to police custody. Because we find that ordering appellant to leave his home was unlawful, we reverse appellant's conviction for resisting arrest without violence. However, we find the remaining issues appellant raises to be without merit and affirm without comment.

The victim—a resident and maintenance worker in an apartment complex—had been working in another resident's apartment when appellant entered the apartment and attacked him. Subsequently, the police were called.

When the police arrived, they spoke to the victim and other witnesses to assess what had happened. The police could see appellant standing in his own apartment, near an open window, speaking on his cell phone. While the police attempted to interview the victim and the other witnesses,

appellant began yelling at them, saying he was the real victim and that he had also called the police.

Officer Graul approached the window to speak with appellant, but appellant refused to talk to anyone other than the chief of police. Graul asked appellant to speak with him at appellant's front door. After appellant refused to voluntarily go to his front door, Graul ordered appellant to leave his apartment so that he could be arrested for battery. Appellant again refused. Graul then reached through the open window and attempted to grab appellant. Appellant was able to evade Graul and started barricading his apartment. Although there is some dispute in the record as to what transpired next, the police were eventually able to get into appellant's apartment to arrest him.

Appellant was charged with battery on a law enforcement officer, resisting arrest without violence, and battery of the neighbor. At trial, appellant moved for judgment of acquittal on the resisting arrest without violence count because he was arrested within his home without a warrant. The court denied appellant's motion.

The jury found appellant not guilty of battery on a law enforcement officer, but found appellant guilty of both resisting arrest without violence and battery of the neighbor.

Appellant now argues the lower court should have entered judgment of acquittal on the resisting arrest without violence count because his arrest was unlawful. We agree.

"In reviewing a motion for judgment of acquittal, a de novo standard of review applies." *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002).

The crime of resisting an officer without violence requires the state to prove that "(1) the officer was engaged in the lawful execution of a legal duty; and, (2) the actions of the defendant obstructed, resisted or opposed the officer in the performance of that legal duty." *A.W. v. State*, 82 So. 3d 1136, 1138 (Fla. 4th DCA 2012) (citation omitted). Proof of the first element requires the court to "examin[e] the applicable legal standard" that "govern[s] [the officer's] actions." *C.E.L. v. State*, 24 So. 3d 1181, 1186 (Fla. 2009). The court must then determine "whether the officer complied with that legal standard at the point where the act of resistance occurred." *Id.* If an arrest is unlawful, "a defendant cannot be guilty of resisting it" without violence. *Jay v. State*, 731 So. 2d 774, 775 (Fla. 4th DCA 1999) (citation omitted).

2

In this case, *Payton v. New York*, 445 U.S. 573 (1980), supplies the applicable legal standard. In *Payton*, the United States Supreme Court stated that the police may not intrude into the sanctity of the home to execute an arrest absent consent, exigent circumstances, or a warrant. *Id.* at 583, 587. *See also Saavedra v. State*, 622 So. 2d 952, 956 (Fla. 1993). Furthermore, "law enforcement cannot avoid the dictates of *Payton* and *Saavedra* by ordering suspects out of their homes, then arresting or detaining them as if they had been encountered 'abroad.'" *Davis v. State*, 744 So. 2d 586, 588 (Fla. 2d DCA 1999); *see also M.J.R. v. State*, 715 So. 2d 1103, 1104 (Fla. 5th DCA 1998) (holding the police had no authority to demand the defendant leave a door open to the defendant's residence because the police did not have a warrant and did not have the authority to "invade the sanctity of the home"); *United States v. Maez*, 872 F.2d 1444, 1451 (10th Cir. 1989) ("[T]he important point is that in cases of physical intrusion, or coercion to leave the home, . . . the privacy of the home is effectively invaded.").

The police failed to comply with the requirements of *Payton*. Although appellant was fully within his home, the police did not acquire an arrest warrant, and there was no evidence of exigent circumstances. Although the state argues the crime of resisting arrest without violence was complete before the police actually entered appellant's apartment because appellant refused to exit his apartment and submit to an arrest, the police could not circumvent *Payton*'s dictates by ordering appellant out of his home to be arrested. *See Davis*, 744 So. 2d at 588. Consequently, appellant was within his right to refuse the police's unlawful order and to stay within his home. *Jay*, 731 So. 2d at 775.

As Judge Jerome Frank noted many years ago,

> A man can still control a small part of his environment, his house; he can retreat thence from outsiders, secure in the knowledge that they cannot get at him without disobeying the Constitution. That is still a sizable hunk of liberty—worth protecting from encroachment. A sane, decent, civilized society must provide some such oasis, some shelter from public scrutiny, some insulated enclosure, some enclave, some inviolate place—which is a man's castle.

*United States v. On Lee*, 193 F.2d 306, 315-16 (2d Cir. 1951) (Frank, J., dissenting). Appellant in the present case had a right to stay within his home, secure in the knowledge that the constitution protects his right, in these circumstances, to be secure from "encroachment." We therefore reverse appellant's conviction for resisting arrest without violence.

In summary, we vacate appellant's conviction for resisting arrest without violence as the arrest was unlawful. However, we affirm appellant's conviction and sentence for battery.

*Affirmed in part; reversed in part.*

STEVENSON and GERBER, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**