590 So.2d 1059 (1991)
Marc DOMINIQUE, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2545.
District Court of Appeal of Florida, Fourth District.
December 18, 1991.
Robert L. Bogen, Alan Jay Braverman, P.A., Boynton Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant was convicted of two counts of aggravated battery and one count of attempted battery on a law enforcement officer and sentenced to five years' imprisonment followed by five years' consecutive probation on the aggravated battery convictions and time served on the attempted battery count. Furthermore, restitution was imposed in the amount of $10,000 as to one victim of aggravated battery and $8,600 as to the other. On this appeal from both the convictions and sentences appellant poses seven points for reversal, none of which demonstrates reversible error, in our judgment, except the contention that the trial court erred in imposing restitution without notice *1060 and a fair opportunity to be heard on the question.
Section 775.089, Florida Statutes (1987), in pertinent part, provides:
(6) The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate.
(7) Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney. The burden of demonstrating the present financial resources and the absence of potential future financial resources of the defendant and his dependents is on the defendant. The burden of demonstrating such other matters as the court deems appropriate is upon the party designated by the court as justice requires.
As this court held in Mounds v. State, 526 So.2d 1084 (Fla. 4th DCA 1988), "the imposition of restitution without notice or a hearing was error." In the present case this rule was not honored and thus we find it necessary to remand for purposes of allowing appellant his opportunity to be heard on the matter.
We pause to comment on appellant's point directed to the sufficiency of the evidence to convict appellant of attempted battery upon a law enforcement officer for which he was sentenced to time served. The evidence relevant to the attempted battery count is taken from appellee's brief and it is substantially the same as that contained in appellant's brief. Officer Scott Israel, an eleven-year member of the Fort Lauderdale police force, testified that, while on patrol at the Fort Lauderdale beach area, he noticed a group of males on the street; he thought "something was not right." The entire group was listening to appellant who was engaged in "nervous conversation." Suspicious, Officer Israel decided to stop and investigate the activity of the crowd. When he got out of his marked police vehicle in uniform, everyone except appellant came over to him.
Israel told appellant that he would like to talk to him but appellant walked away. Appellant started running and Israel followed. A foot-chase took place for blocks, until Israel finally caught up with appellant on the beach. Israel said that he grabbed appellant's shoulder and that appellant turned around and swung his fist at him. He testified that appellant intentionally hit him, against his will, in the chest with a closed fist "as hard as he could" so that Israel "could feel it." A struggle occurred until back-up officers were able to subdue appellant.
It appears evident that the officer did not have a founded suspicion to stop appellant and thus, if we were dealing with, for example, finding contraband as a result of the stop, it would be subject to suppression as illegal evidence. But here, the fact of the illegal stop is no defense to the charge of battery of a known police officer engaged in the lawful performance of his duties. The technical illegality of the stop does not give appellant license to batter the officer. Section 776.051, Florida Statutes (1987), provides that a person is not justified in the use of force to resist an arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer.[1] Appellant violated that statute by striking the officer and it does not suffice for him to say that the officer was not engaged in the lawful performance of his duties. See Jones v. State, 570 So.2d 433 (Fla. 5th DCA 1990) (a person is not justified in using force to resist an arrest where it is reasonably believed that the person making the arrest is a law enforcement *1061 officer; this is true even if the arrest is technically illegal); Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978); Rosenberg v. State, 264 So.2d 68 (Fla. 4th DCA 1972) (proper forum to contest the legality of an arrest is a court of law rather than resisting arrest with violence at the scene; State v. Gilchrist, 458 So.2d 1200 (Fla. 5th DCA 1984) (there is no privilege to use force against an officer attempting to effect an illegal arrest); State v. Barnard, 405 So.2d 210 (Fla. 5th DCA 1981) (use of force in resisting arrest by a person reasonably known to be a law enforcement officer is unlawful notwithstanding the technical illegality of the arrest); Meeks v. State, 369 So.2d 109 (Fla. 1st DCA 1979); K.G., a juvenile v. State, 338 So.2d 72 (Fla. 3d DCA 1976) (even had the arrest not been valid the juvenile would still not have been justified in violently resisting arrest).
Accordingly, the judgment and sentence is affirmed in all respects except as to imposition of restitution. That portion of the sentence is reversed and the cause is remanded to the trial court with directions to hold a hearing, after notice, to determine the appropriate restitution.
AFFIRMED IN PART; REVERSED IN PART; and remanded with directions.
LETTS and WARNER, JJ., concur.
NOTES
[1] The use of force to resist an arrest is unlawful notwithstanding the technical illegality of the arrest. Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978). It logically follows that the use of force would be even less acceptable when a law enforcement officer has merely stopped an individual, since a stop involves less of an invasion of an individual's privacy than does an arrest.