801 So.2d 321 (2001)
David HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4197.
District Court of Appeal of Florida, Fourth District.
December 19, 2001.
Rehearing Denied December 19, 2001.
*322 Carey Haughwout, Public Defender, and Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING OR CLARIFICATION
PER CURIAM.
We deny the motion for rehearing but grant with regard to clarification. We withdraw our previously issued opinion and substitute the following in its place.
The defendant appeals his sentence for battery on a law enforcement officer. We affirm.
Police arrested the defendant during surveillance of an area for narcotics activity. The defendant was driving through the area when he pulled over to pick up a three-inch pill bottle from the street. An officer stopped his car, and a search of the car revealed a controlled substance. During the stop, the defendant struck the officer.
The trial court denied the defendant's motion to suppress the contraband, and a jury convicted the defendant of possession of cocaine, battery on a law enforcement *323 officer, and possession of marijuana. This Court reversed the denial of the motion to suppress, holding that merely picking up a bottle from the street did not give rise to the reasonable suspicion or probable cause necessary for search and seizure. Harris v. State, 761 So.2d 1186 (Fla. 4th DCA 2000). We issued a mandate commanding the lower court to hold proceedings consistent with that opinion.
On remand, the trial court dismissed the two counts of possession. However, it adjudicated him guilty of battery on a law enforcement officer. The defendant now challenges his conviction contending that the State could only prove simple battery without testimony regarding the illegal stop. He argues that our previous ruling precludes such testimony.
Otherwise inadmissible evidence that is inextricably intertwined with admissible evidence may be allowed under section 90.402, Florida Statutes (1993). See Coolen v. State, 696 So.2d 738 (Fla.1997) (admitting confession of prior crime to establish the entire context out of which the instant crime arose).
In this case, testimony regarding the unlawful stop is inextricably intertwined with the evidence relevant to the battery on a law enforcement officer because some information about the stop is needed for context. At minimum some explanation of the officer's presence is necessary. Even though such evidence would be inadmissible for other purposes, as we previously ruled, it is admissible here pursuant to section 90.402, Florida Statutes (1993).
However, not all the evidence presented at the defendant's trial was relevant to the remaining charge of battery on a law enforcement officer. The original trial contained extensive testimony regarding the drugs in effort to sustain a conviction for possession with intent to sell, which was in the defendant's original charge. Such testimony, including a narcotics expert testifying that the quantity was consistent with an intent to sell, is not relevant to the present charge and does not fall under the inextricably intertwined evidence doctrine. Nevertheless, we do not grant a new trial because the admission of this evidence is not reversible error since the defendant does not contest that he hit the officer. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
The defendant further contends that our previous ruling negates an essential element of battery on a law enforcement officer. Section 784.07 of the Florida Statutes requires that the officer be engaged in the lawful performance of his or her duties at the time of the battery. However, an illegal stop does not automatically preclude a conviction for battery on a law enforcement officer. See Dominique v. State, 590 So.2d 1059 (Fla. 4th DCA 1991) (holding that an illegal investigative stop was not a defense to battery of a known police officer engaged in lawful performance of his duties).
In conclusion, we affirm the defendant's conviction for battery on a law enforcement officer.
AFFIRMED.
POLEN, C.J., GUNTHER and WARNER JJ., concur.