846 So.2d 584 (2003)
Willie PERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2049.
District Court of Appeal of Florida, Fourth District.
April 30, 2003.
Rehearing Denied June 19, 2003.
*585 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Willie Perry appeals his conviction and sentence for resisting with violence. We affirm on all issues raised by appellant but write to address his contention that the *586 trial court erred in denying his motion for judgment of acquittal.
Appellant was charged with possession of cocaine, battery on a law enforcement officer, and resisting an officer with violence. Before trial, appellant filed a motion to suppress the cocaine. After an evidentiary hearing, the trial court granted the motion. Appellant then proceeded to jury trial on the battery and resisting charges. These charges arose from events that occurred while appellant was being booked into the Broward County jail following his arrest for possession of cocaine. The evidence at trial established that appellant violently resisted efforts by detention deputies to conduct a strip search of him. At the close of the evidence, appellant moved for a judgment of acquittal. He argued that the evidence failed to show that the deputies were lawfully executing their duties when he resisted, in that the evidence did not show that his strip search was performed in compliance with Florida law.
Deputy Enrique was the central intake booking deputy at the jail on the day of appellant's arrest. His duties included screening new inmates and introducing them into the facility. Because appellant had been arrested for a narcotics offense, he was subject to a strip search, pursuant to departmental policy. Appellant was taken to the strip search room, where he complied with Deputy Enrique's request to undress. However, appellant refused to follow the deputy's directions for an anal cavity search.[1] He started yelling and vehemently protested any inspection of his anal area.
Fearing for his safety, Deputy Enrique called for assistance. Deputy Anton responded to the search cell and found appellant screaming and flailing his arms about in an aggressive manner. The deputies tried to convince appellant to calm down and cooperate, but he refused to comply. When Deputy Enrique grabbed appellant's right arm to handcuff him, appellant fell to the ground, kicking his feet at the deputies and belligerently throwing his hands up. Appellant then struck Deputy Enrique in the face with a closed fist and kicked Deputy Anton's legs. Consequently, appellant was charged with battery on a law enforcement officer and resisting with violence.
Following a jury trial, appellant was found not guilty of the battery charge but guilty of resisting with violence. On appeal, appellant argues that the trial court should have granted his motion for judgment of acquittal on the resisting charge because the evidence failed to establish that his detention was conducted in a lawful manner.
The standard of review for the denial of a motion for judgment of acquittal is whether the verdict is supported by substantial, competent evidence. See Crump v. State, 622 So.2d 963, 971 (Fla. 1993); Tibbs v. State, 397 So.2d 1120 (Fla. 1981). "A motion for judgment of acquittal should only be granted if there is no view of the evidence from which a jury could make a finding contrary to that of the moving party." Jeffries v. State, 797 So.2d 573, 580 (Fla.2001).
The elements of resisting an officer with violence are: (1) knowingly resisting, obstructing, or opposing a law enforcement officer, (2) in the lawful execution of any legal duty, (3) by offering to do violence to his person. State v. Henriquez, 485 So.2d 414 (Fla.1986); § 843.01, Fla. Stat. Appellant *587 argues that the state failed to prove that the deputies were in the "lawful execution of any legal duty" in that it presented no proof that the strip search was performed in compliance with section 901.211(5), Florida Statutes (1997). This section, which sets forth requirements for post-arrest strip searches, provides that:
No law enforcement officer shall order a strip search within the agency or facility without obtaining the written authorization of the supervising officer on duty.
Appellant asserts that Deputy Enrique violated the statute because he did not obtain written authorization of a "supervising officer on duty" before the search. The state responds that the deputy's testimony was sufficient to support a finding that the deputy followed the statutory requirements of section 901.211. Deputy Enrique testified that he did not personally "order" the strip search; he followed written departmental polices and procedures adopted by then-Sheriff of Broward County, Ken Jenne. These rules require booking officers to conduct a strip search of all inmates arrested for a violent felony or narcotics offense. Deputy Enrique explained that they must search for concealed weapons and contraband for the "care, custody, and control" of arrestees, as well as for the protection of other inmates and staff. The state argues that the deputy's testimony established that he obtained written authorization of a "supervising officer on duty." In so arguing, the state points out that, under section 951.061, Florida Statutes, the sheriff is designated as chief correctional officer of the county correctional system. According to the state, the sheriff qualifies as a "supervising officer," who, as an elected official under Florida Statute section 100.041, remains "on duty" even though he is not physically present at the jail.
The state further argues that even if the search did not comply with section 901.211, Florida Statutes, the trial court properly denied the motion for judgment of acquittal, because an officer's improper performance of his legal duty at the time of a defendant's forcible resistance to the officer is not a defense to a charge of resisting arrest with violence.
Resisting an officer with violence is proscribed by section 776.051(1), Florida Statutes (1997), which states:
A person in not justified in the use of force to resist an arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer.
In Lowery v. State, 356 So.2d 1325, 1326 (Fla. 4th DCA 1978), we held that the use of force to resist an arrest is unlawful, notwithstanding the technical illegality of the arrest. We reached that ruling after determining that section 843.01 (resisting and obstructing with violence) must be read together with section 776.051.
Appellant acknowledges that a person may not use force or violence to resist an arrest, even if the arrest is unlawful. However, he contends that this principle is limited to "arrests." He argues that it does not apply when the officer is engaged in the unlawful performance of some other duty, such as a detention. In this case, appellant was not charged with resisting arrest but with resisting detention at the county jail. As such, appellant argues that he was free to use force or violence if the detention, i.e., the strip search, was not properly performed.
We disagree with appellant's argument that the rule prohibiting the use of force against a known police officer is limited to an arrest situation. Rather, courts have extended it to apply to illegal stops, searches, and detentions. See Harris v. State, 801 So.2d 321 (Fla. 4th DCA 2001)(holding that an illegal stop does not automatically preclude a conviction for battery *588 on a law enforcement officer); Dominique v. State, 590 So.2d 1059 (Fla. 4th DCA 1991)(holding that an illegal investigative stop was not a defense to battery of a known police officer engaged in lawful performance of his duties); Tillman v. State, 807 So.2d 106, 109 (Fla. 5th DCA 2002)(holding that defendant was not justified in using violence to resist police officers even if the officers' entry into the screened enclosure of his residence and subsequent pat-down and detention were illegal); State v. Roux, 702 So.2d 240 (Fla. 5th DCA 1997)(holding that an illegal detention does not authorize a defendant to commit a battery upon a law enforcement officer); Miller v. State, 636 So.2d 144 (Fla. 1st DCA 1994)(discussing that engaging in scuffle with officer during improper detention constitutes battery on law enforcement officer and can give rise to valid arrest and conviction for resisting arrest with violence); Bradford v. State, 567 So.2d 911 (Fla. 1st DCA 1990)(discussing that although officer was not engaged in lawful performance of his duties when he initially searched defendant, defendant's intentional striking of officer during the encounter constituted battery or resisting arrest with violence). But cf. Taylor v. State, 740 So.2d 89 (Fla. 1st DCA 1999)(holding that if a defendant is charged under section 843.01 with resisting or opposing an officer with violence in the performance of some dutyother than an arrestthe state must prove that the officer was engaged in a lawful duty).
In Dominique, we reasoned that if the use of force is not permitted in resisting an unlawful arrest, "[i]t logically follows that the use of force would be even less acceptable when a law enforcement officer has merely stopped an individual, since a stop involves less of an invasion of an individual's privacy than does an arrest." 590 So.2d at 1061 n. 1. Here, appellant was not merely stopped or temporarily detained. He was already in custody, undergoing post-arrest procedures, where the prohibition against violently resisting or opposing an officer would apply as well. See Vlahovich v. State, 757 So.2d 1219 (Fla. 2d DCA 2000), quashed in part on other ground, 788 So.2d 245 (Fla.2001)(concluding that fact that defendant was already in custody at time of incident would not preclude his conviction for resisting arrest with violence). While a person in custody retains his or her Fourth Amendment rights against unreasonable searches and seizures, these rights are weighed against the legitimate concerns of jail officials for security and the prevention of smuggling drugs, weapons, and other contraband into the detention facility. See Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).
Recognizing that a strip search represents a substantial invasion of an arrestee's privacy interest, the legislature enacted minimal acceptable standards of conduct for law enforcement officers conducting strip searches of persons arrested in Florida. § 901.211, Fla. Stat.; D.F. v. State, 682 So.2d 149, 153 (Fla. 4th DCA 1996). "A strip search conducted in violation of the statutory requirements set forth in section 901.211, in essence, establishes police misconduct and constitutes a Fourth Amendment violation." State v. Augustine, 724 So.2d 580, 581 (Fla. 2d DCA 1998). However, the appropriate remedy for a statutory strip search violation is the suppression of evidence obtained by the unlawful search. Id.; D.F., 682 So.2d at 154. Additionally, a complainant may seek civil damages. Id. at 153.
In this case, appellant did not seek to suppress any evidence obtained from the strip search or to recover civil damages. Rather, appellant raised the asserted strip search violation as a defense to the charge of resisting an officer with violence. As we explained above, the use of *589-593 force or violence to resist an officer during a post-arrest strip search is unlawful, even though the officer improperly performs the search.[2] In other words, noncompliance with the strip search statute is not a defense to resisting with violence. We thus conclude that the trial court did not err in denying the motion for judgment of acquittal.
AFFIRMED.
KLEIN and GROSS, JJ., concur.
NOTES
[1] During an anal cavity search arrestees are required to bend down into a deep knee squat, spread their buttocks, and display the anal cavity for inspection by a deputy, who performs a visual inspection without touching the anal region.
[2] We do not address whether the strip search complied with the statute or otherwise met the test of reasonableness under the Fourth Amendment. However, we note that in D.F., the state conceded that the strip search was done in violation of section 901.211, where the officer searched the defendant in a holding cell without obtaining the prior permission of his supervisor on duty at the police station. See D.F., 682 So.2d at 152.