953 So.2d 459 (2007)
Willie PERRY, Petitioner,
v.
STATE of Florida, Respondent.
No. SC03-1291.
Supreme Court of Florida.
February 1, 2007.
Carey Haughwout, Public Defender and David J. McPherrin, Assistant Public Defender, *460 Fifteenth Judicial Circuit, West Palm Beach, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL, Celia A. Terenzio, Myra J. Fried and Claudine M. LaFrance, Assistant Attorney Generals, West Palm Beach, FL, for Respondent.
PARIENTE, J.
We review Perry v. State, 846 So.2d 584 (Fla. 4th DCA 2003), in which the Fourth District Court of Appeal followed Tillman v. State, 807 So.2d 106 (Fla. 5th DCA 2002), quashed, 934 So.2d 1263 (Fla.2006), which was pending review in our Court, and cited as contrary authority Taylor v. State, 740 So.2d 89 (Fla. 1st DCA 1999). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418, 420 (Fla.1981). The issue is whether section 776.051(1), Florida Statutes (1997), which prohibits the use of force to resist an arrest, applies apart from arrest scenarios.
After receiving the merits briefs in this case, we stayed the proceedings pending our decision in Tillman v. State, 934 So.2d 1263 (Fla.2006). There we approved the First District Court of Appeal's decision in Taylor that section 776.051(1) "does not extend beyond arrest scenarios," and quashed the Fifth District's decision in Tillman to the contrary. Id. at 1274. We also held that in prosecutions for battery on a law enforcement officer and resisting an officer with violence for crimes committed outside arrest scenarios, the State must prove that the officer was lawfully executing a legal duty. In construing this element, "courts must apply the legal standards governing the duty undertaken by the law enforcement officer at the point that an assault, battery, or act of violent resistance occurs." Id. at 1271.
After our decision in Tillman became final, we directed the State to show cause why we should not quash the Fourth District's decision in this case and remand for reconsideration in light of Tillman. In its response, the State asserted that Tillman does not control because an arrest within the meaning of section 776.051(1) extends to the post-arrest strip search resisted by Perry. The State urges us to discharge jurisdiction, while Perry urges us to quash and remand for reconsideration under Tillman.
We must quash the Fourth District's decision because it is contrary to our construction of section 776.051(1) in Tillman. The Fourth District relied on the Fifth District's decision in Tillman, which we later quashed, for the proposition that the use of force against a known police officer extends to illegal stops, searches, and detentions. See Perry, 846 So.2d at 587. We expressly rejected this view in Tillman, and cannot permit the same erroneous interpretation of section 776.051(1) to stand here. However, we decline to decide whether an arrest under section 776.051(1) encompasses post-arrest intake procedures such as the strip search in this case. Neither the Fourth District in this case nor this Court in Tillman addressed this issue. This matter, as well as a separate jury instruction issue raised by Perry, are for the Fourth District to address in the first instance under the changed legal landscape of our decision in Tillman.
Therefore, we quash the decision in this case and remand for reconsideration in light of Tillman.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, QUINCE, CANTERO, and BELL, JJ., concur.