974 So.2d 1168 (2008)
Nathaniel D. WATSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D07-1555.
District Court of Appeal of Florida, Fourth District.
February 20, 2008.
Nathaniel D. Watson, Arcadia, pro se.
Bill McCollum, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
The petition for writ of habeas corpus is granted.
Petitioner was charged and convicted after jury trial of two counts of battery on a law enforcement officer and one count of resisting an officer with violence that all arose from what the State conceded was an illegal traffic stop.[1] Petitioner appealed contending that his convictions could not stand because the officers acted unlawfully in detaining him. On appeal, the State argued that the illegality of the stop was not a defense to appellant's use of force in resisting or battering the officers. See § 776.051(1), Fla. Stat. (providing that a person is not justified in using force in resisting an arrest by a police officer). We affirmed without a written opinion.
At the time of the appeal, the question of whether section 776.051(1) applied to non-arrest situations was pending on review in the Florida Supreme Court in Tillman v. State, 934 So.2d 1263 (Fla.2006). After this court per curiam affirmed petitioner's convictions, the Florida Supreme Court ruled in Tillman that section 776.051(1) did not apply to non-arrest situations, *1169 such as the unlawful detention arising from the illegal traffic stop in this case.
Although appellate counsel cited Tillman in the initial brief and noted that the supreme court had granted review in that case, counsel failed to request, under Florida Rule of Appellate Procedure 9.330(a), a written opinion or citation opinion that would have permitted the Florida Supreme Court to exercise jurisdiction over our decision in the direct appeal. See Jollie v. State, 405 So.2d 418 (Fla.1981) (holding that district court opinion which cites controlling authority that is pending review in Florida Supreme Court allows supreme court to exercise jurisdiction).
On direct appeal, the State relied on Dominique v. State, 590 So.2d 1059 (Fla. 4th DCA 1991), and Harris v. State, 801 So.2d 321, 323 (Fla. 4th DCA 2001), decisions applying section 776.051(1) and holding that the illegality of a detention was not a defense to charges of battery on a law enforcement officer. The supreme court's decision in Tillman overruled Dominique and Harris. See also Perry v. State, 953 So.2d 459 (Fla.2007) (quashing a decision of this court which had relied on these cases and section 776.051(1)). The supreme court's decision in Tillman is controlling and applies to petitioner. See Rodriguez v. State, 964 So.2d 833 (Fla. 2d DCA 2007) (holding that Tillman applied to cases then pending on direct appeal, i.e., "in the pipeline").
Based on the undisputed facts in this case, the State could not prove the "lawful execution" element to sustain the battery on a law enforcement officer and resisting an officer with violence charges against petitioner. The State conceded at trial and on appeal that the stop and detention of petitioner was unlawful. Petitioner was not being arrested when he resisted the officers, and the officers had no reasonable suspicion that petitioner was involved in criminal activity or that he was armed and dangerous.[2]See Yarusso v. State, 942 So.2d 939, 942-43 (Fla. 2d DCA 2006). Petitioner's convictions for crimes where the State could not prove this essential element as a matter of law constitutes fundamental error. Rodriguez, 964 So.2d at 836 n. 1 (citing F.B. v. State, 852 So.2d 226, 230-31 (Fla.2003)).
The trial court shall vacate petitioner's convictions and sentences for battery on a law enforcement officer. The jury's verdict, however, supports convictions for the lesser included offense of misdemeanor battery. § 784.03(1), Fla. Stat. We remand with instructions for the trial court to adjudicate petitioner guilty of misdemeanor, simple battery on these counts and resentence him accordingly. Because petitioner may now be entitled to immediate release, the trial court shall expedite these proceedings. The conviction for resisting an officer with violence, however, cannot stand and petitioner must be acquitted of this charge. See Rodriguez, 964 So.2d at 838.
SHAHOOD, C.J., KLEIN and MAY, JJ., concur.
NOTES
[1] Petitioner was stopped for failing to signal a turn, but the State conceded that the stop was improper because traffic was not affected. Hurd v. State, 958 So.2d 600 (Fla. 4th DCA 2007). During the ensuing "traffic investigation," and after police had secured petitioner's driver's license and vehicle, petitioner pushed an officer and attempted to flee on foot. He was then tackled by another officer who testified that petitioner kicked him when he fell to the ground.
[2] As explained in Tillman, even if the officers had probable cause to arrest petitioner for misdemeanor battery after he pushed the first officer, section 776.051(1) applies only where the officer is engaging in an actual arrest, not where the officer has mere probable cause to arrest. 934 So.2d at 1270. See J.H.M. v. State, 945 So.2d 642 (Fla. 2d DCA 2006) (discussing problems in applying Tillman and suggesting that the Supreme Court may have intended to apply a more formal definition of "arrest" in these types of cases which includes as a factor whether the officer has conveyed to the defendant an intent to arrest).