NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NICHOLAS DENOLE MARSH,      )
                                        )
             Appellant,      )
                                        )
v.                              )      Case No. 2D15-3566
                                        )
STATE OF FLORIDA,      )
                                        )
             Appellee.       )
_____)

Opinion filed May 12, 2017.

Appeal from the Circuit Court for
Hillsborough County; Emmett L. Battles,
Judge.

Howard L. Dimmig, II, Public Defender,
and Christopher Desrochers, Special
Assistant Public Defender, Bartow,
for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and David Campbell,
Assistant Attorney General, Tampa,
for Appellee.


PER CURIAM.

          Nicholas Denole Marsh appeals his judgment and sentences for one count

of felony battery and one count of battery on a licensed security officer.  He argues that

his dual convictions for these two offenses violate the double jeopardy clauses of the United States and Florida Constitutions, that the evidence was insufficient to sustain a conviction for battery on a licensed security officer, and that the trial court erred in denying his motion for judgment of acquittal on the count for battery on a licensed security officer.

The State concedes both that the evidence was insufficient to sustain the conviction for battery on a licensed security officer because the evidence did not establish that the victim was wearing a uniform as described in section 784.07(2)(b), Florida Statutes (2014), and that Mr. Marsh's resultant dual convictions violate double jeopardy. We accept the State's concession as to both issues. Were we concerned solely with the sufficiency of the evidence as to the uniform element of the charge for battery on a licensed security officer, we would reverse and remand with instructions to convict Mr. Marsh of simple battery instead of battery on a licensed security officer. See § 924.34, Fla. Stat. (2016); Rodriguez v. State, 964 So. 2d 833, 838 (Fla. 2d DCA 2007) (holding that although the evidence did establish the lesser included offense of simple battery, the evidence "did not prove that there was an unlawful battery on a law enforcement officer under section 784.07" and remanding with instructions for the trial court to adjudicate the defendant guilty of simple battery). Because convicting Mr. Marsh of both felony battery and simple battery for the same act would violate double jeopardy—as the State correctly concedes—we can affirm only the felony battery conviction. See Harris v. State, 111 So. 3d 922, 925 (Fla. 1st DCA 2013) (reversing a conviction for simple battery because the defendant's felony battery and simple battery convictions arose from the same acts and because felony battery "wholly subsumes

battery"); see also § 775.021(4), Fla. Stat. (2014).  Accordingly, we affirm Mr. Marsh's judgment and sentence for felony battery, reverse his judgment and sentence for battery on a licensed security officer, and remand the case to the trial court with instructions to vacate the judgment and sentence for battery on a licensed security officer.

Affirmed in part; reversed in part; remanded.

CASANUEVA, SALARIO, and BADALAMENTI, JJ., Concur.